IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAGE DINING SERVICES, INC., | :<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No. _____ |
| ASH RESTAURANT GROUP INC. | :<br>: |
| Defendant. | :<br>: |

## COMPLAINT

Plaintiff, SAGE Dining Services, Inc., by its undersigned counsel, hereby brings this action against Defendant, ASH Restaurant Group Inc., and in support thereof alleges and states as follows:

## THE PARTIES

1. Plaintiff, SAGE Dining Services, Inc. (hereinafter "SAGE" or "Plaintiff"), is a corporation duly organized under the laws of the State of Delaware, with a principal place of business at 1402 York Road, Lutherville, Maryland 21093.

2. Upon information and belief, Defendant, ASH Restaurant Group Inc. (hereinafter "ASH" or "Defendant") is a corporation duly organized under the laws of the State of New York, with a principal place of business at 20 Cedar Street, Suite 104, New Rochelle, New York 10801.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a), as a civil action arising under an Act of Congress pertaining to trademarks, 28 U.S.C. § 1338(b), as a related claim of unfair competition; under the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) since Defendant is subject to personal jurisdiction in the State of New York and a substantial part of the unlawful acts and violations hereinafter described have occurred and are occurring within the Southern District of New York, and the interstate trade and commerce hereinafter described is effected, in part, within the Southern District of New York.

## NATURE OF THE ACTION

5. By this action, SAGE seeks to enforce its rights in its well known and registered family of SAGE Trademarks (as herein defined). The SAGE Trademarks have been extensively used and promoted for over twenty-five years and are well known in connection with SAGE's dining and catering services to private and public institutions, as well as its online nutritional information. SAGE seeks relief arising from ASH's adoption and use of the nearly identical designation SAGE CAFE/MARKET/MORE in connection with a café and market that provides food to college students. SAGE will suffer irreparable injury until and unless ASH's infringing conduct is enjoined.

6. Specifically, Plaintiff SAGE seeks injunctive relief for infringement of SAGE's federally registered SAGE Trademarks in violation of Section 32 of the Trademark Act of the United States, hereinafter, "Lanham Act" (15 U.S.C.
§ 1114) and for Unfair Competition in violation of Section 43 (a) of the Lanham Act (15 U.S.C. § 1125(a)).

## THE SAGE NAME AND MARK

7. SAGE has been a premiere provider of dining and catering services to private and public institutions since at least as early as 1990, and also has been a provider of

software and online publications which offer nutritional information since at least as early as 2013 (hereinafter collectively referred to as "Plaintiff's Goods and Services").

8. SAGE currently employs more than 3,200 employees and serves more than 150,000 meals per day at over 250 locations in at least 37 states throughout the United States.

9. SAGE specifically provides dining and catering services to schools, universities and colleges. On a daily basis, SAGE Dining prepares and serves hundreds of thousands of meals to students, faculty, employees, parents and others who dine on the campuses served by SAGE Dining.

10. SAGE has a strong presence on the East Coast and has had a continuous presence in the State of New York since at least 1993.

11. SAGE provides dining and catering services to ten (10) locations in the State of New York, including Solomon Schecter School of Westchester in Hartsdale, New York; Rippowan Cisqua School in Bedford, New York; and The Allen-Stevenson School in New York, New York.

12. Since at least as early as August 1, 1990, SAGE has continuously used the trademark SAGE in interstate commerce to identify Plaintiff's Goods and Services, including its dining and catering services to private and public institutions.

13. SAGE has gained considerable goodwill as a result of its reputation for providing quality, healthy, and affordable dining options for the diverse range of consumers that make up a collegiate and institutional community.

14. As part of its commitment to providing healthy dining options to its customers, SAGE created the TOUCH OF SAGE application to provide its consumers with

nutritional and dietary information about its goods. SAGE's online nutritional information tool has over 18,000 users. An example of this online nutritional information tool is enclosed as Exhibit 1.

15. SAGE is the exclusive owner of the following United States Federal Trademark Registrations and Applications (the "SAGE Trademarks" or "Plaintiff's Trademarks"):

a. SAGE (U.S. Registration No. 2,712,358) in connection with "dining services, namely catering and contract food services offered on-site to public and private businesses and institutions";

b. SAGE DINING SERVICES (U.S. Registration No. 2,733,649) in connection with "dining services, namely catering and contract food services offered on-site to public and private businesses and institutions";

c. SAGEWARE (U.S. Registration No. 4,019,621) in connection with "on-line, non-downloadable software, namely, financial and statistical reporting software used by or on behalf of public and private businesses and institutions to manage and report account information relating to their receipt of foods services and dining services";

d. SAGE DINING SERVICES (and Design) (U.S. Registration No. 2,467,001) in connection with "dining services, namely catering and contract food services offered on-site to public and private businesses and institutions";

e. SAGE SPOTLIGHT PROGRAM (U.S. Registration No. 3,720,880) in connection with "nutrition services and dining services, namely catering offered on-site to public and private businesses and institutions" and "nutrition services and dining services, namely, catering offered on-site to public and private businesses and institutions";

4

   f. SAGE SIGNATURE SERVICE (U.S. Registration No. 3,395,751) in connection with "dining services, namely catering and contract food services offered on-site to public and private businesses and institutions";

   g. SAGE (U.S. Registration No. 5,298,784) in connection with "providing a website featuring a non-downloadable application for users to access menus, nutritional information and ingredient lists";

   h. AT HOME WITH SAGE (U.S. Serial No. 86/711,761) in connection with "printed publications in the fields of nutrition and wellness" and "downloadable electronic publications in the fields of nutrition and wellness";

   i. SAGE (U.S. Serial No. 86/711,775) in connection with "printed publications in the fields of nutrition and wellness" and "downloadable electronic publications in fields of nutrition and wellness";

   j. SIMPLY SAGE (U.S. Serial No. 86/914,946) in connection with "prepared food and frozen prepared food, namely, breaded chicken, meat, minimally processed potatoes and veggie burger patties; flash-frozen local produce, namely, minimally processed frozen fruits and vegetables", "prepared food and frozen prepared food, namely, sauces, pre-baked frozen cookies, pancakes, muffins, biscuit sandwiches, baking mixes, breakfast pastries and salad dressings in liquid and dry form; and beverages, namely, fruit, spice and herb infused teas", "beverages, namely, fruit, spice and herb infused waters", and "food preparation services, namely, catering and contract food service offered to public and private businesses and institutions";

   k. EST. 2016 SIMPLY SAGE LUTHERVILLE and Design (U.S. Serial No. 86/931,599) in connection with "prepared food and frozen prepared food, namely,

5

breaded chicken, meat, minimally processed potatoes and veggie burger patties; flash-frozen local produce, namely, minimally processed frozen fruits and vegetables", "prepared food and frozen prepared food, namely, sauces, pre-baked frozen cookies, pancakes, muffins, biscuit sandwiches, baking mixes, breakfast pastries and salad dressings in liquid and dry form; and beverages, namely, fruit, spice and herb infused teas", "beverages, namely, fruit, spice and herb infused waters", and "food preparation services, namely, catering and contract food service offered to public and private businesses and institutions";

      l.    SAGE (U.S. Serial No. 87/181,407) in connection with "downloadable mobile application for users to view menus, nutritional information, ingredient lists; downloadable mobile application for users to view and manage student meal plan accounts; downloadable mobile application for users to purchase and pay for food";

      m.    SAGE (U.S. Serial No. 87/500,019) in connection with "educational services, namely, conducting workshops, seminars, and classes in the fields of food, agriculture food science, food systems, nutrition, wellness, and the social science facets of food including historical, geographical, and cultural aspects";

      n.    SAGE DINING SERVICES (U.S. Serial No. 87/499,962) in connection with "educational services, namely, conducting workshops, seminars, and classes in the fields of food, agriculture food science, food systems, nutrition, wellness, and the social science facets of food including historical, geographical, and cultural aspects"; and

      o.    TOUCH OF SAGE (U.S. Serial No. 87/216,399) in connection with "downloadable mobile application for users to view menus, nutritional information, ingredient lists and allergen information; downloadable mobile application for users to view and

manage student meal plan accounts; downloadable mobile application for users to specify food recommendations, purchase and pay for food."

16. Attached as Exhibit 2 are true and correct copies of print-outs taken from the U.S. Patent and Trademark Office website of Plaintiff's Registrations and Applications for its SAGE Trademarks.

17. On April 21, 1997, SAGE, or agents or representatives, acting on behalf of SAGE, registered the Domain Name www.sagedining.com in the name of SAGE. Representative pages of this website are attached as Exhibit 3.

18. Plaintiff has spent over $1 million to develop, market and promote its SAGE Trademarks for the sale of Plaintiff's Goods and Services.

19. Due to the high quality of its goods and services and its substantial advertising, promotional and sales efforts, SAGE has achieved nationwide consumer acceptance or its dining and catering services, as well as its software and online services and publications which offer nutritional information.

20. The SAGE Trademarks and the goodwill associated therewith are valuable assets of SAGE and signify the origin of the high quality goods and services offered by SAGE.

## ASH'S WRONGFUL ACTS

21. On information and belief, ASH offers café and restaurant services ("Defendant's Goods and Services").

22. On information and belief, it is believed that on or about November 10, 2016, ASH incorporated in the State of New York. A true copy of the corporate registration details is attached as Exhibit 4.

23. On information and belief, on or about January 26, 2017, ASH adopted and began to promote the name SAGE CAFE/MARKET/MORE.

24. ASH's promotion of the name SAGE CAFE/MARKET/MORE in connection with Defendant's Services is without SAGE's authorization or approval.

25. On information and belief, ASH is promoting the use of the name SAGE CAFE/MARKET/MORE in connection with a dining facility that will be part of Iona's off-campus meal plan.

26. On March 6, 2017, ASH filed an intent-to-use application for SAGE CAFE/MARKET/MORE, U.S. Serial No. 87/360,103 in connection with "Delicatessen services; café and restaurant services" in Class 43 (the "ASH Mark" or "Defendant's Mark").

27. On August 7, 2017, SAGE sent to ASH a written demand to cease and desist from any future use of the SAGE designation. A true copy of that demand is attached at Exhibit 5.

28. ASH has failed to respond to Plaintiff's letter.

29. On information and belief, ASH continues to use the SAGE CAFE/MARKET/MORE to refer to Defendant's Services, including prominently displaying the SAGE CAFE/MARKET/MORE Mark on its storefront and in promotional materials. True copies of pictures of such use are attached at Exhibit 6.

30. On information and belief, Defendant and the public refer to the restaurant operated by Defendant as simply "SAGE CAFE". See e.g., http://www.lohud.com/story/news/local/westchester/new-rochelle/2017/01/26/iona-college-planning-north-avenue-restaurant-market/97083374/. As such, Defendant's eating establishment uses Plaintiff's identical "SAGE" Trademark with only the addition of the generic term "CAFE".

31. On information and belief, Defendant uses, or intends to use, the name/mark the SAGE CAFE/MARKET/MORE and/or SAGE CAFE in connection with offering goods and services identical, or exceedingly similar, to the goods and services offered under Plaintiff's Trademarks.

32. On information and belief, Defendant uses, or intends to use, identical or similar channels of advertising in connection with promoting the goods and services offered under the SAGE CAFE/MARKET/MORE and/or SAGE CAFE names and marks as the channels of advertising used by Plaintiff in connection with the promotion of the goods and services offered under Plaintiff's SAGE Trademarks.

33. On information and belief, actual confusion is likely to occur as a result of Defendant's adoption and use of a confusingly similar, if not identical, name and mark in connection with offering similar goods and services to a similar target group of consumers through similar channels of trade and advertising.

34. Continuing to this date, ASH still uses the trade name and trademark SAGE CAFE/MARKET/MORE.

35. Notwithstanding all of SAGE's demands to enforce its rights in and to the SAGE Trademarks, ASH continues its deliberate, willful and intentional infringement of SAGE's SAGE Trademarks.

## COUNT I
## INFRINGEMENT OF REGISTERED TRADEMARKS
## FEDERAL LANHAM ACT VIOLATION – 15 U.S.C. § 1114(1)(A)

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1-35 as if set forth fully herein.

9

37. Plaintiff's SAGE Trademarks have been used throughout the United States and are well known to the trade and members of the purchasing public. The public associates the SAGE Trademarks as identifying Plaintiff as the source of origin of the goods and services offered thereunder.

38. Plaintiff's SAGE Trademarks are registered with the United States Patent and Trademark Office ("USPTO") and the SAGE (Reg. No. 2,712,358); SAGE DINING SERVICES (Reg. No. 2,733,649); SAGEWARE (Reg. No. 2,440,215); SAGE DINING SERVICES and Design (Reg. No. 2,467,001); SAGE SIGNATURE SERVICE (Reg. No. 3,395,751); and SAGE SPOTLIGHT PROGRAM (Reg. No. 3,720,880) Trademarks are each incontestable.

39. Defendant has used the SAGE Trademark with knowledge that it is the exclusive property of Plaintiff in connection with the sale, offering for sale and distribution of goods and services, including dining services, namely, catering and contract food services offered on-site to public and private businesses and institutions.

40. Defendant's conduct creates the false and misleading impression that Defendant is sanctioned, assigned, or authorized by Plaintiff to use the SAGE Trademarks to advertise, manufacture, distribute, offer for sale, or sell goods bearing the SAGE Trademarks when Defendant is not sanctioned, assigned or so authorized.

41. Defendant's activities as aforesaid constitute Defendant's use in commerce of Plaintiff's Trademarks.

42. Upon information and belief, the activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's SAGE Trademarks, have commenced and have continued in spite of Defendant's actual and constructive knowledge of the

federal trademark applications and registrations of the SAGE Trademarks and knowledge that Defendant's use of such Trademarks was, and is, in direct contravention of Plaintiff's rights.

43. Defendant engaged in and continues to engage in the aforementioned activities with the intent to confuse and deceive consumers into believing that Defendant and the goods and services it sells are in some way sponsored, affiliated, or associated with Plaintiff, when in fact Defendant is not.

44. Defendant's use of the SAGE Trademarks on Defendant's Goods and Services in its advertising has been without the consent of Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public, and in particular, tends to and does falsely create the impression that the goods and services advertised and sold by Defendant are warranted, authorized, sponsored, or approved by Plaintiff when, in fact, its goods and services are not.

45. Defendant's unauthorized use of Plaintiff's Trademarks as set forth above have resulted in Defendant unfairly benefiting from Plaintiff's advertising and promotion, and profiting from the reputation of Plaintiff and Plaintiff's Trademarks, to the substantial and irreparable injury of the public, Plaintiff, Plaintiff's Trademarks, and the substantial goodwill represented thereby.

46. Defendant's acts and unauthorized use of the SAGE Trademarks as aforesaid constitute Trademark Infringement, in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

47. As a result of Defendant's acts, Plaintiff has suffered and will continue to suffer damages to its business, reputation, profits, and the goodwill existing in its SAGE

Trademarks. The injury to Plaintiff is ongoing and irreparable. An award of monetary damages is insufficient to fully compensate Plaintiff and Plaintiff lacks an adequate remedy at law.

48. Plaintiff is entitled to a permanent injunction against Defendant.

## COUNT II
## UNFAIR COMPETITION
## FEDERAL LANHAM ACT VIOLATION – 15 U.S.C. § 1125(A)

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 as if set forth fully herein.

50. Plaintiff's SAGE Trademarks have been used throughout the United States and are well known to the trade and members of the purchasing public. The purchasers and public associate and identify Plaintiff's Trademarks with Plaintiff.

51. Plaintiff has used the SAGE Trademarks in commerce for Plaintiff's Goods and Services, prior to any such use and/or adoption that can be alleged by Defendant.

52. The SAGE Trademarks identify the source of Plaintiff's Goods and Services and did so prior to any date of first use that could be claimed by Defendant.

53. Upon information and belief, Defendant has intentionally, willfully and/or knowingly adopted the SAGE CAFE/MARKET/MORE Mark that is nearly identical and confusingly similar to Plaintiff's SAGE Trademarks, solely in an effort to adversely affect and/or trade off of Plaintiff's goodwill and reputation, to the detriment of Plaintiff.

54. Defendant's knowing and unauthorized use in commerce of the SAGE CAFE/MARKET/MORE Mark that is nearly identical and confusingly similar to Plaintiff's SAGE Trademarks, is likely to have caused and continues to cause confusion or to cause a mistake or to deceive the purchasing public and tends to falsely represent that Defendant is sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with

Plaintiff. Such conduct of Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the purchasing public as to the origin of said goods and services, or cause said persons to believe that Defendant has been sponsored, approved, or licensed by Plaintiff, in a manner that constitutes trademark infringement and unfair competition of Plaintiff's trademark rights in the SAGE Trademarks.

55. Defendant's actions were and are done willfully with full knowledge of the falsity of such designations of origin and false description or representations as to the origin of the goods and services, and with the express intent to cause confusion, mislead and deceive the purchasing public, to trade upon the high quality reputation of Plaintiff, and to improperly appropriate the valuable trademark rights of Plaintiff, all to the detriment of Plaintiff.

56. Defendant's continued use of the SAGE CAFE/MARKET/MORE Mark has enabled and will continue to enable Defendant to obtain the benefit of and trade on the goodwill of Plaintiff.

57. Therefore, Defendant's continued use of the SAGE CAFE/MARKET/MORE Mark constitutes Trademark Infringement and Unfair Competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(A).

58. Defendant's use of the SAGE CAFE/MARKET/MORE Mark has injured and will further injure the reputation, goodwill, and prestige of Plaintiff. Unless Defendant's use is restrained and enjoined by this Court, Plaintiff and the relevant purchasing consumers will suffer irreparable injury, without adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. That Defendant, its agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations aiding and/or abetting or in active concert or participation with Defendant, be enjoined and restrained, respectively, as set forth above, during the pendency of this action and then permanently from:

(1) registering and/or using the SAGE CAFÉ/MARKET/MORE Mark; and

(2) registering and/or using the SAGE CAFÉ/MARKET/MORE Mark and any mark/name that is confusingly similar to Plaintiff's SAGE Trademarks in connection with any and all of Defendant's Goods and Services.

B. That Defendant be required to pay Plaintiff's costs of this action together with reasonable attorneys' fees and reimbursements pursuant to 15 U.S.C. § 1117(b).

C. That Plaintiff be awarded such other and further relief as the Court may deem just and proper

Dated: December 12, 2017

Respectfully submitted,

*[signature]*

Angelo A. Stio, III, Esq.
Pepper Hamilton LLP
Suite 400
301 Carnegie Center
Princeton, New Jersey 08543
(609) 951-4125 (telephone)
(866) 738-9628 (facsimile)
stioa@pepperlaw.com

Lori E. Harrison, Esq.
Pepper Hamilton LLP
The New York Times Building
38th Floor
620 Eighth Avenue
New York, New York 10018
(212) 808-2750 (telephone)

(800) 745-7802 (facsimile)
harrisonl@pepperlaw.com

Attorneys for Plaintiff
*SAGE DINING SERVICES, INC.*